IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| KEVIN GILMORE, | ) | CASE NO. 1:10 CV 1794 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| ED SHELDON, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Statement of Facts and of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    The underlying facts and the state trial . . . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    C.    Application to reopen direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
        1.    Ohio Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
        2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
    D.    Petition for writ of habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
        1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
        2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-
        3.    The AEDPA standards for federal habeas review . . . . . . . . . . -15-
        4.    Ineffective assistance of counsel . . . . . . . . . . . . . . . . . . . . . . -16-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-
        1.    Gilmore's Ground One does not fail for failing to plead with
            particularity and is not procedurally defaulted. . . . . . . . . . . . . -20-
        2.    Gilmore's Grounds Two to Six should be analyzed in the context of
            ineffective assistance of appellate counsel. . . . . . . . . . . . . . . . -21-

D.  Analysis of the ineffective assistance of appellate counsel claim . . . . . -22-
    1.  Ground Two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-
    2.  Ground Three . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-
    3.  Ground Four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -25-
    4.  Ground Five . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-
    5.  Ground Six . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-

## Introduction

Before me by referral is the petition of Kevin Gilmore for a writ of habeas corpus under 28 U.S.C. § 2254.[1] Gilmore is currently incarcerated at North Central Correctional Institution in Marion, Ohio,[2] where he is serving a term of nine years imprisonment imposed by the Cuyahoga County Court of Common Pleas in 2008[3] after he pled guilty to nine offenses and was found guilty at a bench trial of a further three offenses.[4]

In his habeas petition, Gilmore raises six grounds for relief.[5] The State in its return of the writ argues that five of the grounds should be dismissed and one ground denied.[6] Gilmore has filed a traverse.[7]

---

[1] ECF # 1.

[2] *Id.* at 1.

[3] *Id.*

[4] ECF # 5-2 at 180-82.

[5] ECF # 1 at 3-4.

[6] ECF # 5 at 7-23.

[7] ECF # 6.

## Statement of Facts and of the Case

**A.      The underlying facts and the state trial**

The facts that follow come from the decision of the Ohio Court of Appeals.

Gilmore was indicted in four separate cases each containing several different counts.

1.      Case No. CR-493778, was an indictment on three counts: one count of carrying a concealed weapon, one count of having a weapon while under a disability, and one count of receiving stolen property.[8]

2.      Case No. CR-498126, was an indictment on four counts: two counts of having a weapon under disability, one count of carrying a concealed weapon, and one count of failure to comply with order or signal of police officer.[9]

3.      Case No. CR-498813 was an indictment on five counts: two counts of improperly discharging a firearm at or into habitation, one count of failure to comply with order or signal of a police officer, one count of having a weapon while under a disability, and one count of carrying a concealed weapon. The first four counts also had firearm specifications.[10]

4.      Case No. CR-499150 was an indictment on two counts: one count of coercion and one count of failure to comply with an order or signal of a police officer with a furthermore clause for the operation of a motor vehicle causing a risk of serious physical harm.[11]

---

[8] ECF # 5-2 at 180.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 181.

In the first, second, and fourth cases above Gilmore pled guilty on all counts. The third case went to a bench trial, and Gilmore was found guilty on two counts: (1) failure to comply with order or signal of a police officer, and (2) having a weapon while under a disability. Both counts also included a firearm specification. The trial court sentenced Gilmore on all guilty counts for a total prison time of nine years.[12]

## B.    Direct appeal

Gilmore timely appealed[13] all his convictions to the Fifth District Court of Appeals arguing the same assignment of error for each case: "The trial court erred in accepting Gilmore's plea of guilty in that Gilmore did not enter that guilty plea voluntarily."[14] The Court of Appeals affirmed the judgment of the trial court in all of Gilmore's cases.[15] The record does not indicate that Gilmore appealed this judgment to the Ohio Supreme Court.

---

[12] *Id*. at 181-82.

[13] Ohio App. Rule 4(A) provides that, to be timely, an appeal must be filed within 30 days of a judgment's entry. *See also, Smith v. Konteh*, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Gilmore was sentenced on August 25, 2008, for Case Nos. 07-493778, 09-498126, 07-498813, and 07-499150 (*id.* at 17-20). Gilmore filed his notice of appeal in all four criminal cases on September 22, 2008 (*id.* at 21, 42, 67, and 92). Applying the law to the facts as stated, I recommend finding that Gilmore timely filed the notices of appeal.

[14] ECF # 5-2 at 182.

[15] *Id*. at 189.

**C.     Application to reopen direct appeal**

*1.     Ohio Court of Appeals*

Gilmore, represented by new counsel, timely filed an application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B)[16] alleging that his appellate counsel had been ineffective in failing to raise the following five issues:[17]

1.     Defendant was denied due process of law when the court, in accepting a plea guilty, (sic) fails to inform the Defendant of the applicable penalties.[18]

2.     Defendant was denied due process of law when the court did not properly inform Defendant concerning post-release control.[19]

3.     Defendant was denied due process of law when he was convicted and sentenced with the felony version of failure to comply in the absence of a finding on the additional specification.[20]

4.     Defendant was denied due process of law when he was convicted and sentenced for a firearm specification with respect to the conviction for having a weapon while under disability.[21]

---

[16] Ohio App. Rule 26(B)(1) provides that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment." The Ohio Court of Appeals affirmed Gilmore's convictions on August 31, 2009 (*id*. at 178). Gilmore filed an application to reopen his direct appeal on October 30, 2009 (*id*. at 191). Applying the law to the facts as stated, I recommend finding that Gilmore timely filed his application to reopen his appeal.

[17] *Id*. at 191-201.

[18] *Id*. at 193.

[19] *Id*. at 196.

[20] *Id*. at 198.

[21] *Id*. at 199.

> 5.      Defendant was denied due process of law when the court overruled his
> motion for judgment of acquittal.[22]

In a two to one decision, the significance of which will be referred to later, the Court

of Appeals denied Gilmore's Appellate Rule 26(B) application in full.[23]

## 2.      *The Supreme Court of Ohio*

Gilmore timely appealed[24] the denial of his Appellate Rule 26(B) application to the

Ohio Supreme Court.[25] His memorandum in support of jurisdiction asserted six propositions

of law:

> I.      A defendant has been denied his Sixth Amendment right to effective
> assistance of counsel where counsel fails to raise significant and
> obvious issues in a direct appeal.[26]
>
> II.     A defendant has been denied due process of law when a court, in
> accepting a plea of guilty fails to inform the Defendant of the
> applicable penalties.[27]

---

[22] *Id*.

[23] *Id*. at 267.

[24] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010). The Court of Appeals denied Gilmore's App. R. 26(B) application on March 8, 2010 (*id.* at 235). Gilmore appealed the denial of his application to reopen to the Ohio Supreme Court on April 12, 2010 (*id.* at 244). Applying the law to the facts as stated, I recommend finding that Gilmore's notice of appeal was timely filed.

[25] ECF # 5-2 at 244.

[26] *Id*. at 251.

[27] *Id*.

-6-

III.    A defendant is denied due process of law when the court fails to properly inform a defendant concerning post-release control.[28]

IV.    A defendant has been denied due process of law when he is sentenced to a felony of failure to comply where the court fails to make a finding on the additional specification.[29]

V.    A defendant had been denied due process of law when he is convicted and sentenced for a firearm specification with respect to a conviction for having a weapon while under disability.[30]

VI.    A defendant has been denied due process of law when there is insufficient evidence beyond a reasonable doubt to convict defendant for having a weapon while under a disability.[31]

On June 9, 2010, the Ohio Supreme Court dismissed the appeal on the grounds that it did not involve any substantial constitutional question.[32] The record does not indicate that Gilmore subsequently filed a petition for writ of certiorari with the Supreme Court of the United States.

**D.    Petition for writ of habeas corpus**

On August 13, 2010, Gilmore, represented by counsel, timely filed a federal petition for habeas relief.[33] As noted above, he raised six grounds for relief:

---

[28] *Id*. at 253.

[29] *Id*. at 255.

[30] *Id*. at 256.

[31] *Id*.

[32] *Id*. at 269.

[33] ECF # 1 at 1.

-7-

Ground One: Sixth Amendment

Supporting Facts: Petitioner was denied effective assistance of appellate counsel where counsel on appeal fails to raise issues of merit which were apparent upon the face of the record.[34]

Ground Two: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court in accepting a plea of guilty failed to inform petitioner of the penalties for the offenses to which he was entering pleas of guilty.[35]

Ground Three: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when petitioner, who was subject to post-release control was failed to be informed of post-release control properly of post-release control (sic) which could extend petitioner's sentence.[36]

Ground Four: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when he was convicted and sentence (sic) for a felony version of failure to comply in the absence of any finding by the court of an additional specification which raised the degree of the offense from a misdemeanor to a felony.[37]

Ground Five: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when he was convicted and sentenced on a firearm specification with respect to the conviction for having a weapon while under a disability were (sic) the firearm specification did not apply to that offense.[38]

---

[34] *Id*. at 3.

[35] *Id*.

[36] *Id*. at 4.

[37] *Id*.

[38] *Id*.

Ground Six: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when he was convicted of an offense for which there was insufficient (sic) to support a verdict of guilty beyond a reasonable doubt/ (sic)[39]

## Analysis

### A.    Preliminary observations

Before addressing the claims for relief, I make the following preliminary observations.

1.     There is no dispute that Gilmore is currently in state custody as a result of his conviction and sentence by an Ohio court, and was so incarcerated at the time he filed this petition for federal habeas relief. Thus, I recommend finding that Gilmore meets the "in custody" requirement of the federal statute vesting this Court with jurisdiction over the petition.[40]

2.     There is also no dispute on the facts related above that this petition has been timely filed under the applicable statutory standard.[41]

3.     In addition, Gilmore asserts,[42] and my own review of the docket in the District confirms, that this petition is not a second or successive petition for federal habeas relief as to this conviction and sentence.[43]

4.     Moreover, Gilmore contends,[44] and my own review establishes, that both claims here have been totally exhausted in the Ohio courts.

---

[39] *Id.*

[40] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[41] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[42] ECF # 1 at 4.

[43] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[44] ECF # 1 at 4.

5.      Finally, I note that Gilmore has not requested an evidentiary hearing[45] or the appointment of counsel.[46]

**B.      Standards of review**

*1.      Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[47] Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[48] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[49]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[50] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[51] Specifically, such violations are restricted

---

[45] 28 U.S.C. § 2254(e).

[46] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing § 2254 Cases.

[47] 28 U.S.C. § 2254(a).

[48] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[49] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[50] *Estelle*, 502 U.S. at 67-68.

[51] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[52]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[53] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[54] and may not second-guess a state court's interpretation of its own procedural rules.[55] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[56] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudiced as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[57]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its

---

[52] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[53] *Id*.

[54] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[55] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[56] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[57] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

-11-

merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[58]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

    (1)    Does a state procedural rule exist that applies to the petitioner's claim?

    (2)    Did the petitioner fail to comply with that rule?

    (3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

    (4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[59]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established, and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[60]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result

---

[58] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[59] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[60] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

in a fundamental miscarriage of justice.[61] In addition, procedural default may also be excused by a showing of actual innocence.[62]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[63] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[64] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[65]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[66] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[67]

---

[61] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[62] *Id.*

[63] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[64] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[65] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[66] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[67] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

-13-

*3.     The AEDPA standards for federal habeas review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[68]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[69] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[70] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[71]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent

---

[68] 28 U.S.C. § 2254(d).

[69] *Williams v. Taylor*, 529 U.S. 362 (2000).

[70] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[71] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[72] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[73]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[74]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[75] Then, the federal court is to review the claim *de novo*.

## 4.    *Ineffective assistance of counsel*

Claims of ineffective assistance of counsel are adjudicated pursuant to the well-known standard of *Strickland v. Washington*.[76] In *Strickland*, the Supreme Court articulated a two-part test that a defendant must satisfy to establish a Sixth Amendment violation: (1) "the defendant must show that counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense."[77]

---

[72] *Williams*, 529 U.S. at 411.

[73] *Id*. at 409.

[74] *Id*. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[75] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[76] *Strickland v. Washington*, 466 U.S. 668 (1984).

[77] *Id*. at 687.

Under the first prong of deficient performance, a defendant must show that his counsel's representation "fell below an objective standard of reasonableness."[78] In making that determination, the court must be highly deferential to counsel's actions; that is, it "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance ... [such] that under the circumstances, the challenged action 'might be considered sound trial strategy.'"[79] Actions should not be evaluated in hindsight, but from the perspective of circumstances at the time of the alleged errors.[80] The key is not whether counsel's choices ultimately were strategically beneficial, but whether they were reasonable at the time.[81] To that end, counsel must make a reasonable investigation into possible alternatives, but once having done so, will be presumed to have acted reasonably in selecting the action taken.[82]

To show prejudice under *Strickland*'s second prong, the petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[83] A "reasonable probability is a probability sufficient

---

[78] *Id*. at 688.

[79] *Id.* at 689 (internal citations omitted).

[80] *Id*. at 690.

[81] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[82] *Strickland*, 466 U.S. at 691.

[83] *Id*. at 694.

to undermine confidence in the outcome."[84] In arriving at that determination, courts are to "consider the totality of the evidence before the judge or jury."[85]

In the specific context of ineffective assistance of appellate counsel, the petitioner must show that counsel performed deficiently by making an "objectively unreasonable decision to raise certain issues while not raising other clearly stronger issues.[86] In evaluating counsel's performance "every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[87]

Prejudice in the appellate context means a reasonable probability exists that, but for counsel's failure to assert certain issues on appeal, the defendant would have prevailed.[88]

Both of the prongs of the test must be met in order for the writ to issue; thus, courts need not address the issue of deficient performance if the petitioner cannot establish prejudice.[89]

--------

[84] *Id.*

[85] *Id.* at 695.

[86] *Thompson v. Warden*, 598 F.3d 281, 285 (6th Cir. 2010).

[87] *Id.* at 285-86, quoting *Smith v. Murray*, 477 U.S. 527, 536 (1986).

[88] *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).

[89] *Strickland*, 466 U.S. at 697.

**C.      Application of standards**

*1.      Gilmore's Ground One does not fail for failing to plead with particularity and is not procedurally defaulted.*

The State, in the return of writ, argues that Gilmore's first ground is insufficient for two reasons. First, because he failed to present his claim with particularity and second, because the claim does not identify any acts or omissions that call into question appellate counsel's professional judgment.[90] Simply put, the State believes that Ground One has not been pled with sufficient clarity and, therefore, should be dismissed.

Although, arguably, Gilmore did not plead his first ground in the most elaborative fashion, it is clear both from the context of his petition and the history of his claims in state court that the ineffective assistance of appellate counsel asserted in Ground One refers to the particular claims raised in Grounds Two, Three, Four, Five, and Six.

As noted, Gilmore first raised his Grounds Two, Three, Four, Five, and Six claims as the basis for his Ohio Appellate Rule 26(B) motion to reopen for ineffective assistance of appellate counsel in the Ohio Court of Appeals.[91] Subsequent to this motion being denied, Gilmore petitioned the Ohio Supreme Court with the same five issues as the basis for his claim for ineffective assistance of counsel.[92] Clearly the ineffective assistance of appellate

---

[90] ECF # 5 at 7.

[91] ECF # 5-2 at 191-201.

[92] *Id*. at 246-58.

-18-

counsel claim was the main and general claim and that the subsequent five claims were particular demonstrations of that ineffective assistance.

The six grounds presented in this habeas petition must be read together. The State's argument that Ground One was not pled with particularity has no merit.

Furthermore, Ground One is not procedurally defaulted. A claim brought for ineffective assistance of appellate counsel cannot, for obvious reasons, be raised on direct appeal. The first available opportunity to raise such a claim in Ohio is by way of a Rule 26(B) motion. Gilmore did just that. He filed a timely motion for ineffective assistance of appellate counsel in the Ohio Court of Appeals and presented five arguments as to why his appellate counsel was ineffective. After denial of this motion, Gilmore timely appealed to the Ohio Supreme Court, raising the issue of ineffective assistance based on the exact same claims raised in his Rule 26(B) motion.

**2.    *Gilmore's Grounds Two to Six should be analyzed in the context of ineffective assistance of appellate counsel.***

The State in its return of the writ argues that Grounds Three to Six are procedurally defaulted[93] and that Ground Two fails on the merits.[94] In is surprising that the State differentiates between Ground Two and the remaining grounds. The procedural default argument raised for Grounds Three to Six applies equally to Ground Two.

---

[93] ECF # 5 at 11.

[94] *Id.* at 16-23.

-19-

The State's argument for procedural default has merit only if Grounds Two to Six are considered separate and independent of Ground One. An Ohio Appellate Rule 26(B) motion based on ineffective assistance of appellate counsel cannot save underlying substantive claims from procedural default.[95] Gilmore failed to assert these grounds on direct appeal and did not attempt to obtain review of the court of appeals judgment in the direct appeal by the Ohio Supreme Court.

But Grounds Two to Six of Gilmore's habeas petition are presented as "the underlying basis for his Ohio Appellate Rule 26(B) application."[96] The six grounds raised by Gilmore in his federal petition must be read together as his general claim for ineffective assistance of appellate counsel. Ground One is not procedurally defaulted, and all of Gilmore's remaining grounds are subsumed within it, subject to review under the *Strickland* standard.

**D.**    **Analysis of the ineffective assistance of appellate counsel claim**

On consideration of each of Gilmore's arguments of ineffective assistance of appellate counsel, the arguments fail because counsel did not perform deficiently in failing to assert the assignments of error identified, or no reasonable probability exists that Gilmore would have prevailed on the assignments not asserted with one exception – the assignment identified in Ground Five.[97]

---

[95] *Baker v. Voorhies*, 392 F. App'x 393, 403 (6th Cir. 2010).

[96] ECF # 5 at 11.

[97] In denying Gilmore's motion to reopen, the court of appeals expressly addressed the arguments now made in Grounds Two to Six through the analytical framework of ineffective assistance of appellate counsel. In doing so, it correctly identified *Strickland* as

### 1.    *Ground Two*

In his second ground for relief, Gilmore argues that his Fourteenth Amendment rights were violated when the trial court failed to inform him of the applicable penalties.[98] Although not asserted as error in the direct appeal, the Ohio Court of Appeals did address this argument in denying Gilmore's Rule 26(B) motion. The court acknowledged that, under Rule 11(C)(2)(a) of the Ohio Rules of Criminal Procedure, it is necessary that a defendant who pleads guilty to a crime understands the maximum penalties involved.[99] But, the court ruled that this requirement is a non-constitutional right and held that substantial compliance would, therefore, be sufficient.[100] The court found that Gilmore was informed of the maximum penalties by the prosecutor and, therefore, concluded that Gilmore did understand the maximum penalty even though the court itself did not inform him.[101]

One judge of the court of appeals did dissent from this ruling.[102] Gilmore sought review in the Ohio Supreme Court, which declined such review for want of a substantial federal question.

---

setting out the clearly established federal law and reasonably applied that law to each of the grounds now asserted, with the exception of Ground Five as discussed below.

[98] ECF # 1 at 3.

[99] ECF # 5-2 at 264.

[100] *Id.*

[101] *Id.*

[102] ECF # 5-2 at 267-68.

-21-

Arguably, this assignment would have been stronger than those asserted on direct appeal. Nevertheless, given the ruling of the court of appeals on the Rule 26(B) motion and the Ohio Supreme Court's refusal to review that ruling on the merits, it is not reasonably probable that Gilmore would have prevailed on that issue. He suffered, therefore, no prejudice.

**2.      *Ground Three***

In his Third Ground for relief, Gilmore asserts that he was denied due process when the trial court did not inform him about post-release control.[103]

In a petition for federal habeas corpus, the factual findings of a state court are entitled to deference. Indeed, 28 U.S.C. § 2254(e)(1) provides that:

> "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

In this case, the Ohio Court of Appeals after reviewing the trial court transcript concluded that Gilmore was fully informed about post-release control before making any guilty pleas and that in all cases Gilmore's pleas were entered knowingly, intelligently, and voluntarily.

Regarding Case Nos. CR-493778 and CR-499150, the court stated:

> "On May 20, 2008, the trial court engaged in an extensive colloquy with appellant prior to accepting his guilty pleas in Case Nos. CR-493778 and

---

[103] ECF # 1 at 4.

-22-

CR-499150. The court adequately explained to appellant the constitutional rights he was waiving, informed him of the charges against him, the possible sentences, and post-release control."[104]

Regarding Case No. CR-498126, the trial court stated:

"With regard to Case No. CR-498126 … the court again notified appellant of the constitutional rights he was waiving, the charges against him, the possible penalties associated with those charges, and post-release control."[105]

In light of these finding of fact by the Ohio Court of Appeals, Gilmore failed to rebut the presumption of correctness afforded to these findings. His appellate counsel did not act unreasonably in not raising this claim on direct appeal.

**3.      *Ground Four***

In his fourth ground for relief Gilmore asserts that he was denied due process of law when he was convicted and sentenced with the felony version of failure to comply in the absence of a finding of the additional specification.[106]

As just noted, this Court is obligated to defer to the facts as found by the state court. Furthermore, this Court must apply state law as determined by the state courts.[107] In this case, the Ohio Court of Appeals concluded that "the lower court's finding is based upon sufficient evidence that Gilmore created a substantial risk to persons or property" and, therefore,

---

[104] ECF # 5-2 at 185.

[105] *Id*. at 186.

[106] ECF # 1 at 4.

[107] *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

Gilmore was properly convicted and sentenced for the felony version of failure to comply.[108] Specifically, the court found that after failing to comply with the police order, Gilmore fled the scene and in fleeing crashed his car into a pole.[109] It concluded that this flight and the resulting car crash constituted the requisite substantial risk to persons or property necessary to support the felony conviction.

This Court is bound by these fact findings and the state court's application of the state law to those findings. There is no reason why his appellate counsel should have raised this issue on direct appeal.

### 4.    *Ground Five*

In his fifth ground for relief, Gilmore asserts that he was denied due process of law when he was convicted and sentenced for a firearm specification with respect to the conviction for having a weapon while under disability.[110]

In a two to one decision, a majority of the Ohio Court of Appeals rejected this argument when raised by Gilmore in his Appellate Rule 26(B) motion. The majority opinion began by conceding that the trial "court may have erred in convicting and sentencing Gilmore for the firearm specification" but then decided not to overturn the conviction because Gilmore could not demonstrate prejudice.[111] In the majority's view, because Gilmore

---

[108] ECF # 5-2 at 265.

[109] *Id.*

[110] ECF # 1 at 4.

[111] ECF # 5-2 at 265.

had been convicted and sentenced for two firearm specifications, one of which wasn't being challenged, and the additional one-year prison sentences for each conviction were running concurrently, the "sentence on the firearm specification did not increase Gilmore's total prison sentence."[112] If so, Gilmore could not show how he was in any way prejudiced by the extra, undeserved conviction and sentence.

Judge Mary J. Boyle, in her dissent, refused to follow this line of reasoning and rejected the majority's reasoning that, because Gilmore's improper sentence did not increase his total prison time, the error was harmless.[113]

Given Judge Boyle's dissent, this assignment was clearly stronger than any of those raised in the direct appeal. Appellate counsel acted deficiently by failing to assert it.

Prejudice from that failure is a close question. The majority, while conceding the error, found it harmless. The Ohio Supreme Court refused to review the ruling. Arguably, Gilmore would not have prevailed on this assignment if raised on direct appeal.

The majority here did rule contrary to clearly established federal law. Regardless of whether or not a wrongful conviction prolongs a petitioner's custody by the state, the collateral consequences of such a conviction will support habeas relief.[114] All of the state appellate judges recognized the error – Gilmore should not have been convicted of a firearm

---

[112] *Id.* at 266.

[113] *Id.* at 268.

[114] *Gentry v. Deuth*, 456 F.3d 687, 694-95 (6th Cir. 2006); *Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004).

specification attached to a conviction for having a weapon under a disability. Habeas relief should issue to remove this conviction, even though doing so will not result in a shortening of his time of lawful incarceration.

### 5.     *Ground Six*

In his sixth and final ground for relief, Gilmore asserts that he was denied due process of law when he was convicted of an offense for which there was insufficient evidence to support a verdict of guilty beyond a reasonable doubt – having a weapon under disability.[115]

The Ohio Court of Appeals addressed this issue in response to Gilmore's Rule 26(B) motion. The court laid down the Ohio standard for this sort of challenge as being:

> "[W]hether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[116] The court then reviewed the evidence in a light most favorable to the prosecution as well as the applicable case law and concluded that Gilmore's appellate counsel was not ineffective for deciding not to raise this claim.[117]

The standard thus applied by the Ohio Court of Appeals is consistent with clearly established federal law.[118]

The court proceeded to review the evidence of record, particularly the evidence that police found the weapon in question on the floor behind the driver's seat after the high-speed

---

[115] ECF # 1 at 4.

[116] ECF # 5-2 at 266 quoting *State v. Williams* (1996), 74 Ohio St. 3d 569, 576, 660 N.E.2d 724, 732, quoting *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991).

[117] ECF # 5-2 at 267.

[118] *Jackson v. Virginia*, 443 U.S. 307, 326 (1979).

chase and crash.[119] The court concluded that this evidence was sufficient to support the conviction. Counsel was not deficient for failing to assign this error on direct appeal.

## Conclusion

For the foregoing reasons, I recommend that the petition of Kevin Gilmore for a writ of habeas corpus be denied as to all grounds except Ground Five as incorporated into Ground One. The State should within 30 days vacate the conviction and sentence on the firearm specification attached to the conviction for having a firearm under a disability. Should the State fail to timely vacate that conviction and sentence, I recommend that Gilmore's petition for a writ of habeas corpus be granted as to that conviction and sentence only.

Dated: August 3, 2012                               s/ William H. Baughman, Jr.
                                                             United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[120]

---

[119] ECF # 5-2 at 267.

[120] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).