UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN GILMORE,** | ) | **CASE NO. 1: 10 CV 1794** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **ED SHELDON, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Baughman (Doc. 7.) The Magistrate Judge recommends that the Court grant petitioner's pending Petition for a Writ of *Habeas Corpus* as to petitioner's fifth asserted ground for relief but deny the petition as to all other asserted grounds.

Both respondent and petitioner have filed objections to the Report and Recommendation. For the reasons stated below, the Court rejects the Magistrate Judge's recommendation to grant the petition as to ground five, accepts the Magistrate Judge's recommendation to deny the petition as to all remaining grounds for relief, and dismisses the petition.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b), the district court reviews *de novo* "any part of [a] magistrate judge's disposition that has been properly objected to." "The district judge may accept, reject, or modify the recommended disposition; receive further evidence or return the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(3). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted).

**Background**

Between March and August 2007, petitioner was indicted by the Cuyahoga County Grand Jury in four separate cases. On March 23, 2007, petitioner was indicted in Case No. CR-493778 for one count of carrying a concealed weapon, one count of having a weapon while under a disability, and one count of receiving stolen property. On July 5, 2007, petitioner was indicted in Case No. CR 4906126 with two counts of having a weapon while under a disability, one count of carrying a concealed weapon, and one count of failure to comply with an order or signal of a police officer. On July 30, 2007, petitioner was indicted in CR-498813 on five counts: two counts of improperly discharging a firearm at or into habitation; one count of failure to comply with an order or signal of police officer; one count of having a weapon while under a disability; and one count of carrying a concealed weapon. The first four counts included firearm specifications. In Case No. CR-499150, petitioner was indicted on two counts; one count of coercion and one count of failure to comply with an order or signal of a police officer.

Petitioner pled guilty in Case Nos. CR-493778, CR-499150, and CR 4906126.  Case No. CR-498813 proceeded to a bench trial, at the conclusion of which the trial court found petitioner guilty of failure to comply with an order or signal of a police officer, having a weapon while under a disability, and the one-year firearm specification.  The court found petitioner not guilty of the remaining charges.

The trial court sentenced petitioner on August 25, 2008 in all four cases.  Petitioner was sentenced to two years imprisonment in Case No. CR-498813; three years imprisonment in Case No. CR-498813; and two years and six months imprisonment in Case Nos. CR-499150 and 493778.  The court ordered that the sentence in CR-499150 be served consecutively to the sentences in CR-493778, CR-498126, and CR-498813, for a total prison sentence of nine years.

Petitioner appealed his convictions in all four cases, arguing that the trial court erred in accepting his guilty pleas in that he did not enter the pleas voluntarily.  The Ohio Court of Appeals rejected petitioner's position and affirmed his convictions.  *State v. Gilmore*, Nos. 92106, 92107, 92108, and 92109, slip op. (Ohio Ct. App. Aug. 20, 2009).

Petitioner, represented by new counsel, filed an application with the Ohio Court of Appeals to re-open his appeal pursuant to Ohio Appellate Rule 26(B).  Petitioner asserted in this application that his appellate counsel had been ineffective in failing to raise five issues in his appeal, specifically that:  (1) petitioner was denied due process of law when the court in accepting a guilty plea fails to inform the defendant of the applicable penalties; (2) petitioner was denied due process when the court did not properly inform him concerning postrelease control; (3) petitioner was denied due process of law when he was convicted and sentenced

3

with the felony version of failure to comply in the absence of a finding of the additional specification; (4) petitioner was denied due process when he was convicted and sentenced for a firearm specification with respect to the conviction for having a weapon under a disability; and (5) petitioner was denied due process when the court overruled his motion for judgment of acquittal for having a weapon under disability.

The Ohio Court of Appeals denied petitioner's application to reopen his appeal. *State v. Gilmore*, Nos. 92106, 92107, 92108, and 92109, slip op. (Ohio Ct. App. Mar. 8, 2010) (Boyle, J., dissenting). The court of appeals cited the standard established in *Strickland v. Washington*, 466 U.S. 668, 689 (1984) for determining whether counsel's assistance is ineffective. Under *Strickland*, the defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's errors were so serious as to prejudice the defendant. The Ohio Court of Appeals found that petitioner's counsel's performance did not satisfy this standard.

First, the court of appeals found that petitioner's counsel did not err in failing to assert on appeal that petitioner was denied due process because the trial court failed to inform him of the maximum possible penalty. The court reasoned that "the right to be informed of the maximum penalty is a nonconstitutional right" and petitioner was informed of the maximum penalties "not by the court but rather by the prosecutor." Thus, the court held that based upon the totality of the circumstances petitioner "understood the maximum penalty" and petitioner's counsel was not ineffective in failing to raise the issue.

Second, the court found that petitioner failed to sustain his burden of demonstrating ineffective assistance when the lower court did not properly inform him as to "postrelease

4

control." The court of appeals held that the lower court "adequately explained postrelease control to [petitioner]."

The court of appeals next rejected petitioner's argument that his appellate counsel was ineffective for failing to assert that he was denied due process when he was convicted and sentenced to the felony version of failure to comply in the absence of a finding of the additional specification. The court held that the lower court's finding that petitioner was guilty was based upon sufficient evidence and further noted that appellate counsel "is charged with winnowing out weaker arguments."

The court of appeals also rejected petitioner's fourth contention that his counsel was ineffective for failing to assert a due process violation based on petitioner's conviction and sentence for a firearm specification in connection with having a weapon under a disability. The court of appeals held that "[w]hile the [trial] court may have erred in convicting and sentencing [petitioner] for the firearm specification, [petitioner] cannot demonstrate prejudice" as a result of such error. The court explained:

> Gilmore was convicted of two firearm specifications, the one mentioned above [in connection with petitioner's conviction for having a weapon under a disability], as well as the firearm specification for failing to comply with the order or signal of [a] police officer. At sentencing, Gilmore was sentenced to one year in prison for each firearm specification. However, the two one-year prison sentences were merged for purposes of sentencing. Accordingly, the sentence on the firearm specification did not increase Gilmore's total prison sentence.

Slip op. at 4-5.

Finally, the court rejected petitioner's argument that his appellate counsel was ineffective for failing to assert a violation of due process as a result of the court overruling his motion for judgment of acquittal for having a weapon under disability. The court reasoned:

5

> In this matter, the weapon was retrieved from the vehicle that Gilmore crashed after leading the police on a high speed chase.  Furthermore, the weapon was found on the floor behind the driver's seat.  Consequently, after reviewing the evidence in the light most favorable to the prosecution as well as the applicable case law, we cannot find that appellate counsel was ineffective for deciding to not raise this issue.

Slip op. at 6.

Petitioner filed a timely appeal of the denial of his application to re-open his appeal to the Ohio Supreme Court, which declined jurisdiction and dismissed the appeal as not involving a substantial constitutional question.

**Discussion**

Petitioner's pending petition for a writ of *habeas corpus* asserts six grounds for relief. Ground one asserts that "[p]etitioner was denied effective assistance of his appellate counsel where counsel on appeal fails to raise issues of merit which were apparent upon the face of the record."  Grounds two, three, four, five, and six of the petition assert the same due process violations petitioner asserted before the Ohio Court of Appeals in his motion to re-open his appeal.  The Magistrate Judge construed petitioner's claims in grounds two through six as the same claims of ineffective assistance of appellate counsel petitioner asserted in his motion to re-open his state court appeal and held that petitioner's ground one was not procedurally defaulted.  The Magistrate Judge stated:  "The six grounds raised by Gilmore in his federal petition must be read together [with] his general claim for ineffective assistance of appellate counsel.  Ground one is not procedurally defaulted, and all of Gilmore's remaining grounds are subsumed within it, subject to review under the *Strickland* standard."  (R&R at 20.)

The Magistrate Judge rejected all of petitioner's asserted grounds of ineffective assistance of counsel under *Strickland* except the fifth ground, in which petitioner asserts that

6

he was denied due process when he was convicted and sentenced on a firearm specification in connection with his conviction for having a weapon under a disability. The Magistrate Judge correctly summarized the reasoning of the majority of the Ohio Court of Appeals in rejecting this claim. As the Magistrate Judge stated:

> In the majority's view, because Gilmore had been convicted and sentenced for two firearm specifications, one of which wasn't being challenged, and the additional one-year prison sentences for each conviction were running concurrently, the "sentence on the firearm specification did not increase Gilmore's total prison sentence." If so Gilmore could not show how he was in any way prejudiced by the extra, undeserved conviction and sentence.

Nevertheless, the Magistrate Judge found that *habeas* relief was appropriate on ground five, relying largely on the dissenting opinion of Judge Boyle.[1] The Magistrate Judge stated:

> Judge Mary J. Boyle, in her dissent, refused to follow [the majority's] reasoning and rejected the majority's reasoning that, because Gilmore's improper sentence did not increase his total prison time, the error was harmless.
>
> Given Judge Boyle's dissent, this assignment was clearly stronger than any of those raised in the direct appeal. Appellate counsel acted deficiently by failing to assert it.
>
> Prejudice from that failure is a close question. The majority, while conceding the error, found it harmless. The Ohio Supreme Court refused to review the ruling. Arguably, Gilmore would not have prevailed on this assignment if raised on direct appeal.

---

[1]

> Judge Boyle stated as follows:
>
> After reviewing [Gilmore's] arguments, it is my opinion that his appeal should be reopened. In my opinion it is the court's responsibility to inform Gilmore of the maximum penalties he faces, and not the prosecutor's, when he enters a plea of guilt. Further, as the state admits in is brief, the [trial] court erred when it sentenced Gilmore to a one-year firearm specification as part of his conviction for having a weapon while under disability. I do not agree with the state that this error was harmless, as it did not increase Gilmore's total prison time. Thus, I would grant Gilmore's request to reopen his appeal.

> The majority here did rule contrary to clearly established federal law. Regardless of whether or not a wrongful conviction prolongs a petitioner's custody by the state, the collateral consequences of such a conviction will support habeas relief. All of the state appellate judges recognized the error– Gilmore should not have been convicted of a firearm specification attached to a conviction for having a weapon under a disability. Habeas relief should issue to remove this conviction, even though doing so will not result in a shortening of [petitioner's] time of lawful incarceration.

(R&R at 25-26.)

Respondent objects to this determination of the Magistrate Judge. Respondent argues that the only issue before the court on *habeas* review is whether petitioner's appellate counsel was ineffective under *Strickland*. The issue of whether petitioner was wrongly convicted of the gun specification in connection with the weapons under a disability charge is not at issue and is procedurally defaulted. Further, as the United States Supreme Court has held, on *habeas* review,

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if . . .[the] Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. . . . For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (internal citations omitted).

Respondent argues that the Magistrate Judge's recommendation as to ground five is erroneous because the "state court of appeals correctly and reasonably determined that Gilmore was not prejudiced by his appellate counsel's failure to raise the claim regarding his conviction for a gun specification to his weapons under disability conviction, because the

8

error was harmless." (Res. Obj. at 4.)[2]

The Court agrees with respondent. The Report and Recommendation does not persuasively demonstrate that the state appellate court unreasonably applied *Strickland*. Rather, the state appellate court reasonably determined that petitioner did not suffer prejudice as a result of his counsel's conduct. Nor does the Report and Recommendation demonstrate that the state appellate court's ruling violates clearly established federal law. In the Report and Recommendation, the Magistrate Judge relies on Judge Boyle's dissent in *State v. Gilmore*, slip op. (Ohio Ct. App. Mar. 8, 2010). But Judge Boyle's dissent does not constitute federal law, and Judge Boyle does not rely on or cite to any federal law. The only federal cases mentioned in the Report and Recommendation as to ground five, *Gentry v. Deuth*, 456 F.3d 687 (6th Cir. 2006) and *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004), are cited in a footnote. (R&R at 25, n. 114.) Both of these cases considered whether a petitioner's release from prison during the pendency of a *habeas* action moots the petition and held that the collateral consequences of a felony conviction serve to preserve the jurisdiction of a federal court to adjudicate the petition. In other words, even when a petitioner is released from prison, a justiciable case or controversy still exists. As respondent persuasively argues, these mootness cases do not address the pertinent issue here, "whether a state prisoner is prejudiced by having been erroneously convicted of a specification to another conviction, when the base

---

[2]

Respondent explains: "Because Gilmore's conviction and sentence for the gun specification was merged at sentencing with an identical gun specification attached to a different conviction, there is no consequence arising from the erroneous conviction. There are no present consequences, no future consequences, no collateral consequences, no possible consequences to the extra conviction. Thus, it was eminently reasonable for the state court to find that Gilmore was not prejudiced by [the] conviction." (Res. Obj. at 10.)

9

conviction, as well as several others, are sound." (Res. Obj. at 10-11.) The cases do not demonstrate clearly established federal law on the issue.

Accordingly, the Court rejects the recommendation to grant a writ of *habeas corpus* as to ground five. The state appellate court reasonably determined that appellate counsel's conduct did not prejudice petitioner under *Strickland*, and this determination is entitled to deference on *habeas* review.

For his part, petitioner objects to the Report and Recommendation to the extent the Magistrate Judge "overruled" his remaining claims of ineffective of assistance of counsel. Petitioner contends the Magistrate Judge's determination of these claims constitutes "an unreasonable determination of the facts." Petitioner's objections are overruled. Magistrate Judge Baughman correctly determined that petitioner is not entitled to a writ of *habeas corpus* with respect to the other grounds in the petition asserting ineffective assistance of counsel under *Strickland*.

**Conclusion**

For the reasons stated above, the Report and Recommendation of Magistrate Judge Baughman is accepted in part and rejected in part. The Court rejects the Report and Recommendation with respect to ground five of the petition and finds that the state appellate court reasonably determined that petitioner was not prejudiced by counsel's failure to challenge petitioner's conviction and sentence for a gun specification in connection with his weapons under disability conviction. The Court accepts the Report and Recommendation as to petitioner's remaining claims of ineffective assistance of counsel. The Magistrate Judge correctly found that petitioner's remaining grounds are insufficient to support a writ under

*Strickland*.

Accordingly, the pending Petition for a Writ of *Habeas Corpus* is dismissed.

IT IS SO ORDERED.


                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 11/2/12